SAMUEL TUTTLE *vs.* DANIEL LANE.

A writ of entry upon a mortgage, may be maintained against the tenant in possession, although he may not be the holder of the equity of redemption.

And if the tenant in possession, before the commencement of the suit, has holden the premises under an expired lease from the mortgagee, an action on the mortgage may be maintained against him without any previous notice to quit.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Writ of entry on a mortgage. The tenant, with the general issue, alleged in a brief statement, that he was not tenant of the freehold, but was tenant for a term of years.

The demandant read in evidence a deed of mortgage from the tenant to himself, dated *July* 10, 1833, and recorded *Sept.* 17, 1833, of the same premises, to secure the payment of a note due before the commencement of the suit. It was admitted, that the tenant had been in possession during the whole time since the mortgage was given. The demandant here rested.

The tenant then read in evidence a deed of the premises from himself to one *Wilson*, dated *Aug.* 26, 1836, and recorded before this suit was commenced. He also offered a lease of the premises for one year from the demandant to him, without date. The Judge inquired, if the tenant expected to show, that the lease was in force at the time of the commencement of the suit, and his counsel replied, that he did not, but merely that it was given after the mortgage. The Judge thereupon ruled, that it could not be ad-

mitted in evidence without proof, that it was a subsisting lease when the action was commenced. No other evidence was offered. The Judge instructed the jury, to find a verdict for the demandant, and the tenant filed exceptions.

*J. Granger*, for the tenant, contended, that the action could not be maintained, because it was brought against one who was not tenant of the freehold. The case of *Keith* v. *Swan*, 11 *Mass. R.* 216, was decided without authority, and without any reasons for it, and is opposed to the whole current of authorities. Non-tenure is a good plea when the action is on a mortgage, as well as in other cases. *Olney* v. *Adams*, 7 *Pick.* 31; *Jackson on Real Actions*, 90; *Otis* v. *Warren*, 14 *Mass. R.* 239; *Dewey* v. *Brown*, 5 *Pick.* 238; *Hunt* v. *Sprague*, 3 *Mass. R.* 312; *Parlin* v. *Macomber*, 5 *Greenl.* 413; *Prop. No. 6*, v. *McFarland*, 12 *Mass. R.* 325.

The lease should have been admitted in evidence. As the tenant remained after the year expired, he must be considered as holding from year to year. But whether the holding was to be considered for the year or not, having been in possession under a lease from the demandant, he was entitled to notice to quit; and until a reasonable time had elapsed, the action could not be maintained. Here the suit was commenced without any notice. *Moshier* v. *Reding*, 3 *Fairf.* 478; *Brewer* v. *Knapp*, 1 *Pick.* 332; *Ellis* v. *Paige*, *ib.* 43; 1 *Cruise*, 286; 3 *Peters*, 49; 1 *T. R.* 162; 5 *ib.* 471.

*Bridges*, for the demandant, insisted, that an action on a mortgage can be maintained against any one in possession. It is not necessary that it should be against the holder of the equity, who is the only person, but the mortgagee, who can be said to be tenant of the freehold. The case of *Keith* v. *Swan*, 11 *Mass. R.* 216 has been confirmed in *Hunt* v. *Hunt*, 17 *Pick.* 118; and may be considered settled law.

The relation of landlord and tenant did not exist between these parties. Even had there been an existing lease, the conveyance by the tenant would have produced a forfeiture of it. *Bennock* v. *Whipple*, 3 *Fairf.* 346; *Campbell* v. *Proctor*, 6 *Greenl.* 12. The tenant could be nothing more than a tenant at sufferance, who is not entitled to a notice to quit before the commencement of the suit. *Davis* v. *Thompson*, 1 *Shepl.* 209.

The opinion of the Court was drawn up by

EMERY J. — A verdict having been rendered for the plaintiff on the Judge's instruction to find it, the action is brought before us by exceptions with a view of testing the correctness of those instruc-tions.

The case has a portion of novelty in it. A mortgagee, as the plaintiff is, became so by the defendant's deed, executed on the 10th of *July*, 1833, given to secure the payment of a note of hand for 468,80, payable in four equal annual payments. The deed and note were read in evidence. *From the time the mort-gage was given, the defendant has continued in possession.* But he would relieve himself from responsibility in this suit, on the ground of defendant alleging in a brief statement under the general issue which was joined, that he was not tenant of the freehold, but was tenant for a term of years. If this defence be a good one, the defendant must have the benefit of it. For he has shewn that on the 26th of *August*, 1836, he gave a deed of the premises to one *Lewis Wilson*, and besides this, would have shewn and produced in evidence, a lease to him, the defendant, from the plaintiff, of the premises for one year without date, if the Judge would have in-dulged in doing so. And if the counsel of the defendant had ex-pected to show that the lease was a subsisting lease in force at the time of the commencement of this action, the Judge stated, that it should be admitted, but otherwise, not. The defendant's counsel, with that integrity and directness, which ought to characterise the conduct of the bar in the management of causes in courts of jus-tice, replied that he did not expect to shew that it was so in force, but that it was given some time after the mortgage was given.

The defendant then could not pretend to be more than a tenant at sufferance, he came into the possession by lawful title, and after the determination of his interest, he holds over by wrong. If we might indulge in conjecture, we might suppose that the lease was given in the expectation that it might appear that the plaintiff had entered for the breach of the condition ; and now, that the lease is determined, he apprehends that his evidence on that subject is not so clear and unquestionable as might be desirable, and he there-fore commences his action.

Whether such are his views we cannot assert with certainty. But we must perceive that the defendant is presented before us clothed only with the naked possession, and he cannot maintain it against his own deed to the plaintiff. The lease has spent its force. For if the defendant has right under the lease, he has alienated that by his conveyance to *Lewis* on the 24th of *August*, 1826.

As against this defendant, the plaintiff is restored to all his former rights, and has undoubted right to maintain the action.

*Exceptions overruled.*